Sharon Wies,

        Plaintiff,

v.                                                    **ORDER**

Michael Astrue, Commissioner
of the Social Security Administration,

        Defendant.


     This matter is before the court upon plaintiff Sharon Wies's ("Wies") objections to the January 19, 2010, report and recommendation of United States Magistrate Judge Jeanne J. Graham. In her report, the magistrate judge recommends that the court grant defendant Commissioner of Social Security's ("Commissioner") motion for summary judgment. For the following reasons, the court adopts the report and recommendation in its entirety.


**BACKGROUND**

     Wies seeks judicial review of the Commissioner's decision to deny her October 14, 2005, application for disability benefits. After the Commissioner denied Wies's application initially and upon reconsideration, Wies requested an administrative hearing. At the January 22, 2008, hearing, Administrative Law Judge William Brown ("ALJ") heard testimony from Wies and vocational expert Robert Razinski ("Razinski"). (Doc. No. 10-2 at 20.) On April 14, 2008, the ALJ affirmed the denial of Wies's application. (<u>Id.</u> at 5.)

The Social Security Administration Appeals Council granted Wies's request for review and denied Wies's appeal. (Id. at 1-2; Doc. No. 11-2 at 349.) Wies filed the present action on December 18, 2008, seeking judicial review of the ALJ's decision. Both parties moved for summary judgment, and the magistrate judge recommends granting the Commissioner's motion because substantial evidence supports the ALJ's findings regarding Wies's ability to work. Wies objects.

**DISCUSSION**

The court reviews the report and recommendation of the magistrate judge de novo, and the findings and decision of the ALJ for substantial evidence. See 28 U.S.C. § 636(b)(1)(C); Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). "Substantial evidence is evidence that a reasonable mind would find adequate to support the ALJ's conclusion." Nicola v. Astrue, 480 F.3d 885, 886 (8th Cir. 2007) (citation omitted). On review, the court considers "both evidence that detracts from and evidence that supports the Commissioner's decision." Hartfield v. Barnhart, 384 F.3d 986, 988 (8th Cir. 2004) (citation omitted). "However, the mere fact that some evidence may support the opposite conclusion than that reached by the Commissioner does not compel [the] [c]ourt to reverse the decision of the ALJ." Id. (citation omitted). Rather, if it is possible to reach "two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court

must affirm the ALJ's decision." <u>Goff v. Barnhart</u>, 421 F.3d 785, 789 (8th Cir. 2005) (citation omitted).

Wies objects to the magistrate judge's finding that the ALJ properly concluded that Wies can perform light work. In support of her objection, Wies argues that the ALJ did not adequately consider the opinions of her treating physicians, who believed that she could lift no more than ten pounds. Normally, the opinion of a plaintiff's treating physician is afforded substantial weight. <u>See Forehand v. Barnhart</u>, 364 F.3d 984, 986 (8th Cir. 2004). The opinion of a treating physician, however, is "not conclusive in determining disability status." <u>Rogers v. Chater</u>, 118 F.3d 600, 602 (8th Cir. 1997) (quotation and citation omitted). In this case, the magistrate judge properly determined that substantial evidence — including Wies's medical records, her physical activities and her failure to seek further medical treatment — supported the ALJ's finding that Wies could perform light work. Therefore, the ALJ did not improperly discount the opinions of Wies's treating physicians, and Wies's objection is overruled.

Wies next argues that the ALJ improperly relied upon Razinski's testimony about the availability of light work. However, as determined by the magistrate judge, the ALJ's consideration of Razinski's testimony was proper due to his finding that Wies could perform light work. Therefore, Wies's objection is without merit.

**CONCLUSION**

In summary, the court determines that the magistrate judge's report and recommendation is well reasoned and appropriately disposes of this case. Accordingly, **IT IS HEREBY ORDERED** that:

1.    Plaintiff's objections [Doc. No. 28] to the magistrate judge's report and recommendation are overruled;

2.    The magistrate judge's report and recommendation [Doc. No. 26] is adopted in its entirety;

3.    Plaintiff's motion for summary judgment [Doc. No. 16] is denied;

4.    Defendant's motion for summary judgment [Doc. No. 22] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 12, 2010

s/David S. Doty
David S. Doty, Judge
United States District Court